IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID A. KENNEDY )
      Plaintiff, )
       )
    v. ) Civil Action No. 05-1764
       )
NORFOLK SOUTHERN RAILWAY )
COMPANY, )
      Defendant. )

## MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                    April 4, 2008

      This is a railroad worker's personal injury action.
Plaintiff, David Kennedy, asserts claims against defendant,
Norfolk Southern Railway Company ("Norfolk Southern"), pursuant
to the Federal Employee's Liability Act ("FELA"), 45 U.S.C. § 51,
et seq., and the Federal Safety Appliance Act ("FSAA"), 49 U.S.C.
§ 20301, et seq. Plaintiff's claims arise from a serious injury
he sustained while working for defendant as a railroad conductor.
Plaintiff seeks damages and costs.

      The parties have filed cross-motions for summary judgment.
In its motion for summary judgment [Doc. No. 30], Norfolk
Southern argues that plaintiff has no competent evidence to
support his claims that a violation of the FSAA or defendant's
negligence caused his injuries. Plaintiff's motion [Doc. No. 29]
argues that summary judgment is proper on the issue of liability

because no genuine issue of material fact remains to be tried regarding defendant's liability for plaintiff's injury. For the reasons set forth below, the motions will be denied.

## I.     BACKGROUND

Unless otherwise specifically indicated, the following material facts are undisputed. Plaintiff worked for Norfolk Southern as a conductor. On November 15, 2005, plaintiff was assigned to work with a yard switching crew in Mingo Junction, Ohio.

At 10:30 p.m. on the night of November 14, 2005, plaintiff and his fellow crew members reported for duty at the yard office and went through a switch list as part of their job briefing. Earlier in the day, a locomotive pulled a draft of 30 railroad cars from a nearby steel mill westward to Track 96. Sometime between 8:30 and 9:30 p.m. that evening, after the cars were pulled onto Track 96, two Norfolk Southern employees inspected the cars. Both employees testified that they found no defects and all thirty cars were coupled[1] together.

---

[1]     Although the parties have a mutual understanding of the technical terms used in the railroad industry, the court references Norfolk and Western Ry. Co. v. Hiles, 516 U.S. 400, 401-402 (1996), for a general discussion of how railroad cars are coupled. "Railroad cars in a train are connected by couplers located at both ends of each car. A coupler consists of a knuckle joined to the end of a drawbar, which itself is fastened to a housing mechanism on the car. A knuckle is a clamp that
(continued...)

2

After plaintiff and the crew performed several switching moves in the late evening hours and into the early morning of November 15, there were 32 cars on Track 96. The crew planned to move three locomotive engines, which were coupled together, and couple them onto the draft of 32 cars on Track 96. Plaintiff was on the ground at or near the 96 switch and coupled the engines to the eastern-most car on Track 96. Once coupled to the 32 cars, the engines began pulling them eastward. The engineer was to pull east with all 32 cars coupled. Plaintiff was to "make a cut" leaving 20 cars on Track 96.

Plaintiff admits that when the engines were pulling east, only 15 cars were being pulled. At approximately 1:30 a.m., plaintiff climbed onto the west end of the 13th car and then the east end of the 14th car to apply the handbrakes. It is undisputed that plaintiff was injured while applying the handbrakes on the 13th and 14th cars. However, the parties dispute the cause of the accident and plaintiff's injuries. This dispute centers on the uncoupling of the 15th and 16th cars.

It is undisputed that the 15th and 16th cars uncoupled and the rear 17 cars rolled downhill, striking the cars coupled to the engines. Plaintiff was on the 14th car when the 16th car and

---

[1] (...continued)
interlocks with its mate ... [w]hen cars come together, the open knuckle on one car engages a closed knuckle on the other car automatically coupling the cars." Id. at 401-402.

3

cars behind it "ran into" the 15th car. Plaintiff testified that there was a "loud bang" and a "jolt" which rendered him "airborne." According to plaintiff, he was knocked off the car by the "run-in." He landed on the ground and his leg was run over by the wheel of the rail car, ultimately resulting in the amputation of his left leg. The engineer, also testified as to the "run-in," stating "[W]e got hit pretty hard ... the hit was strong enough to stand my trainee up out of his seat." Another employee testified that he heard a "loud bang" that he "would associate with railroad cars hitting each other." It is also undisputed that the engine device recorded a 4 mph spike upon impact of the uncoupled cars. After the accident, Gary Sipes, Senior General Foreman for Norfolk Southern, inspected the draft of 32 cars and observed that the 15th and 16th cars were not coupled together.

The parties submit competing theories as to how the uncoupling occurred. Plaintiff testified that he did not uncouple the 15th and 16th cars. The report of plaintiff's expert states that the "subject cars unintentionally uncoupled" which was "directly responsible" for the accident. Plaintiff also relies on several alleged defects in the 15th and 16th cars as noted in his expert's report. Plaintiff disputes defendant's assertion that no defects existed and contends that defendant's inspection results were "incomplete."

4

Defendant relies on its inspections and contends that the couplers were not defective. According to defendant, plaintiff "must have mistakenly pulled the cutting lever between the 15th and 16th cars," causing the uncoupling leading to the run-in. Defendant also contends that plaintiff "fell" sustaining his injuries.

II. <u>STANDARD OF REVIEW</u>

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. <u>Id</u>. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. <u>Id</u>. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine,

the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

The threshold for granting summary judgment in the context of a FELA action, however, is more stringent.  See Happ v. Norfolk Southern Ry. Co., Civ. No. 05-419, 2006 WL 2645147 (W.D. Pa. September 14, 2006) citing Pehowic v. Erie Lackawanna R.R. Co., 430 F.2d 697, 700 (3d Cir. 1970).  In FELA cases, summary judgment for defendants is justified "only in those extremely rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of an employee."  Id. at 699-700.  In adopting this "zero probability" standard, the Court of Appeals for the Third Circuit has recognized that FELA has a more lenient standard for determining negligence and causation.  Hines v. Consolidated Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  Thus, under FELA, an employer is liable if the injury was caused in whole or in part by the employer's negligence.  Pehowic, 460 F.2d at 699.  Courts are to afford FELA a liberal construction that emphasizes the function and role of the jury.  Id. at 699-700.

It is on this standard that the court has reviewed the parties' motions and responses thereto.  Based on the pleadings and evidence of record, and the briefs filed in support and

opposition thereto, the court concludes, as a matter of law, that genuine issues of material fact exist in this matter to preclude summary judgment in favor of defendant.[2]  As set forth below, plaintiff's motion for partial summary judgment is also denied.

### III.  LEGAL PRINCIPLES

#### A.  Introduction

Plaintiff advances several grounds for liability, alleging that defendant is (1) negligently liable for violating FELA; and 2) strictly liable for violating the FSAA.[3]  See Complaint at ¶¶ 2, 6, 9.  The court will address each of these claims as they relate to the pending motions for summary judgment.

---

[2]     In its motion for summary judgment, defendant has requested oral argument, in part, due to the "complex nature of the facts and legal questions" at issue here.  Given the applicable legal standards and the existence of genuine issues of material fact regarding the accident, oral argument is unnecessary.  Accordingly, defendant's request is denied.

[3]     The Complaint also alleges that defendant failed to comply with 49 U.S.C. §§ 20701, et seq. the Federal Locomotive Inspection Act ("FLIA").  However, neither party clearly addresses this claim in their respective motions for summary judgment.  Defendant summarily concludes in a footnote that "based on plaintiff's expert reports," it does not appear plaintiff is claiming any violation of the FLIA regarding the three locomotives involved on the date of the accident. Plaintiff's opposition to defendant's motion for summary judgment and plaintiff's own motion for partial summary judgment focus exclusively on liability under FELA and the FSAA.  Accordingly, the court does not address the viability of any purported FLIA allegations in the complaint.

7

B. FELA

In 1908, Congress passed FELA in an effort to provide a tort compensation system for railroad workers who, at that time, experienced among the highest accident rates in United States history. Hines, 926 F.2d at 267. Section 1 of FELA provides a statutory cause of action sounding in negligence:

> "[E]very common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. § 51.

Norfolk Southern Ry. Co. v. Sorrell, 127 S.Ct. 799, 805 (2007). Thus, to recover damages for a claim under FELA, a plaintiff must prove, inter alia, that his injury resulted from defendant's negligence. Felton v. SEPTA, 952 F.2d 59, 62 (3d. Cir. 1991).

As mentioned above, the standards for determining negligence and causation under FELA are more lenient to the plaintiff. Hines, 926 F.2d at 268. Indeed, the concept of causation under FELA is broadly interpreted. Id. The United States Supreme Court has stated that there can be a jury question of causation when there is "evidence that any employer negligence caused the harm, or, more precisely, enough to justify a jury's determination that employer negligence had played any role in producing the harm." Gallick v. Baltimore & Ohio R.R. Co., 372

8

U.S. 108, 116 (1963). Also, direct evidence of a causal relation between the employer's alleged negligence and the employee's injury is not essential; circumstantial evidence is sufficient. Pehowic, 430 F.2d at 700 (citation omitted).

Thus, under FELA, a "plaintiff need only present a minimum amount of evidence in order to defeat a summary judgment motion." Hines, 926 F.2d at 268. As the Court of Appeals for the Third Circuit has recognized, "a trial court is justified in withdrawing ... issue[s] from the jury's consideration only in those extremely rare instances where there is zero probability either of employer negligence or that any such negligence contributed to the injury of an employee." Id. quoting Pehowic, 430 F.2d at 699-700.

C. FSAA

The FSAA imposes an absolute duty on railroad carriers to maintain the required safety equipment on their vehicles. Beissel v. Pittsburgh and Lake Erie R.R. Co., 801 F.2d 143, 145 (3d Cir. 1986) citing Lilly v. Grand Trunk Western R.R. Co., 317 U.S. 481, 485-86 (1943). An employee who is injured by reason of a violation of the FSAA may pursue a cause of action against the railroad pursuant to FELA. Lilly, 317 U.S. at 485. In short, the FSAA "provides the basis for the claim, and the FELA provides the remedy." Beissel, 801 F.2d at 145; see also Crane v. Cedar Rapids & Iowa City Ry. Co., 395 U.S. 164, 166 (1969).

A plaintiff who proves that a defendant railroad violated the FSAA need not show that the railroad was negligent because railroads are held strictly liable under FELA for injuries that are caused by a violation of the FSAA. See Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3d Cir. 1992) (FELA requires finding of negligence per se when there has been a violation of safety statute specifically aimed at railroad industry). To prevail on such a claim under the FSAA, plaintiff is required to prove, that on the occasion in question, his injury resulted in whole or in part from a violation of the FSAA. See Eckert v. Aliquippa & Southern R.R. Co., 828 F.2d 183, 187 (3d Cir. 1987).

IV. DISCUSSION

A. Defendant's Motion for Summary Judgment

Defendant contends that plaintiff has no competent evidence to prove that the uncoupling of the cars can be attributed to any defect in the couplers or to the negligence of Norfolk Southern. Plaintiff, however, contends that the evidence of record creates genuine issues of material fact to preclude summary judgment. The court agrees.

Defendant's motion for summary judgment is premised exclusively on the ground that "without a valid opinion by his own expert," plaintiff cannot prove a prima facie case of negligence against Defendant under FELA or the FSAA. [See. Doc. No. 32 at p. 4]. Specifically, defendant contends that

10

plaintiff's expert opinion that the cars were defective and unintentionally uncoupled is based on unsupported assumptions and speculation. Defendant argues plaintiff has failed to present any competent evidence that the uncoupling of the 15th and 16th cars or his injury was due to the negligence of Norfolk Southern.

Defendant's argument is flawed for several reasons. First, defendant fails to address the controlling authority under FELA. No where in its brief does Norfolk Southern address the "zero probability" standard which this court must follow at this stage of the case. Rather, defendant relies on authority from other courts that is legally and factually distinguishable.[4] In light of the clearly articulated controlling authority from the Court of Appeals for the Third Circuit, we must determine whether this is one of the "rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of an employee." Pehowic, 430 F.2d at

---

[4] For example, defendant cites a decision from the Court of Appeals for the First Circuit involving a railroad employee who suffered an off-the-job heart attack. See Doc. No. 32 at p. 4 citing Robert v. Consolidated Rail Corp. 832 F.2d 3, 6 (1st Cir. 1987)(granting summary judgment to railroad where the "sole evidence of causation" consisted of plaintiff's doctor's sworn opinion that "work-related stress was a significant contributing cause of [plaintiff's] heart disease"). Defendant's reliance on Grogg v. Missouri Pacific R. Co., 841 F.2d 210 (8th Cir. 1988) is also misplaced because that case actually went to trial and the issue was whether the court properly entered a directed verdict. Neither case is controlling or even relevant to the issues presented here.

699-700. We find that it is not. Viewing the evidence or record in light most favorable to plaintiff and given the lenient standard of negligence and causation under FELA, plaintiff has presented enough evidence to merit a jury determination as to whether the alleged negligence of Norfolk Southern played any role in the accident and plaintiff's injury. Thus, summary judgment is not appropriate.

Likewise, the assertion that plaintiff cannot prove a prima facie case under FELA "without a valid opinion by his own expert" is equally flawed. As stated above, direct evidence of a causal relation between the employer's alleged negligence and the employee's injury is not essential; circumstantial evidence is sufficient. Pehowic 430 F2d. at 700, citing Rogers v. Missouri Pacific R. Co., 352 U.S. 500 (1957); see also Gallick, 372 U.S. 108 (circumstantial evidence sufficient to support a causal inference).

In this case, defendant concedes that the report of plaintiff's expert lists multiple defects in the 15th and 16th cars at issue here. These defects include, inter alia ineffective hand brake, improper brake step, low coupler B-end, cracked coupler, and defective uncoupling devices. Yet, defendant claims the court should disregard these defects as "red herrings" because the expert report fails to conclude that any of the alleged defects "were a cause of" plaintiff's accident. Again,

12

defendant's argument is flawed and unpersuasive. The court finds that the expert report provides direct and circumstantial evidence which creates genuine issues of material fact regarding the existence of any defects and whether defendant's negligence contributed, in whole or in part, to the cause of the accident. Although the report concludes that the cars "unintentionally uncoupled," it goes on to state that "several causes that are capable of causing an unintentional uncoupling are identified above." The report also indicates that Norfolk Southern failed to detect even one of the defects identified in the report. The court finds that these statements and conclusions in the report provide genuine issues of material fact regarding causation. Plaintiff's deposition testimony as well as the testimony of other employees regarding the "run-in," provides additional circumstantial evidence as to the cause of the accident.

Finally, defendant's argument is undermined by its concession in its opposition to plaintiff's motion for partial summary judgment that, assuming its motion for summary judgment is denied, "the question of whether [plaintiff's] fall was caused by the alleged failure of the cars to couple or by the fact that he slipped is a question of fact on the causation issue that precludes summary judgment." Defendant highlights the obvious conflict between the parties' competing theories of causation, which must be submitted to the jury. Given the genuine issues of

13

material fact regarding the accident, defendant's motion for summary judgment [Doc. No. 30] will be denied.

### B. <u>Plaintiff's Motion for Partial Summary Judgment</u>

Plaintiff contends there are no genuine issues of material fact as to Norfolk Southern's liability because it violated the FSAA with respect to the automatic couplers. Plaintiff argues that because the cars did not remain coupled, Norfolk Southern is absolutely liable for plaintiff's injuries. According to plaintiff, this violation also requires a finding of negligence <u>per</u> <u>se</u> under FELA. Thus, plaintiff contends he is entitled to summary judgment on the issue of liability. Defendant contends that genuine issues of material fact exist with respect to Norfolk Southern's liability. The court agrees.

Here, plaintiff alleges that Norfolk Southern failed to comply with 49 U.S.C.A. § 20302(a)(1)(A), which requires the proper operation of a coupling mechanism. <u>See</u> <u>O'Donnell v. Elgin J&E Ry. Co.</u>, 338 U.S. 384, 390 (1949) (FSAA requires couplers on railroad cars, which after a secured coupling is effected, will remain coupled until set free). Again, the duty imposed by the FSAA is not based upon negligence, but is an absolute duty requiring not only that automatic couplers be present, but also that they actually perform. <u>Norfolk</u>, 516 U.S. at 408-409; <u>see also</u> <u>Eckert</u>, 828 F.2d 183.

14

The standard of proof imposed upon a plaintiff alleging a FSAA claim is less stringent than the standard employed with regard to a FELA negligence claim. Eckert, 828 F.2d at 187. Under the FSAA, the "test of a jury case is simply whether the proofs justify the conclusion a violation played any part, even the slightest, in producing the injury for which damages are sought." Id. However, "[i]f the plaintiff's negligence was the sole cause, then the violation of the [FSAA] could not have contributed in whole or in part to the injury." Toth v. Grand Trunk R.R., 306 F.3d 335, 351 (6ᵗʰ Cir. 2002).

In this case, plaintiff must prove, on the date of the accident, that his injury resulted, in whole or in part, from the improper operation of a coupling mechanism on the 15th and/or 16th cars. See Eckert, 828 F.2d 183. Although the standard of proof under the FSAA is less stringent, genuine issues of material fact exist regarding whether the uncoupling occurred due to a violation of the FSAA. Defendant contends that no defects in the couplers were detected, either before or after the accident. Defendant also contends that given this purported lack of defects, plaintiff must have mistakenly pulled the cutting lever between the 15th and 16th cars. Plaintiff's uncoupling of the cars would not constitute a violation of the FSAA. However, plaintiff testified that he did not unintentionally uncouple the cars and his expert opined regarding various defects or

conditions which could cause an unintentional uncoupling. Again,
the parties set forth competing theories as to whether, on the
date of the accident, plaintiff's injury resulted in whole or in
part from the improper operation of any coupling mechanism.
Thus, genuine issues of material fact preclude the entry of
summary judgment.[5]

IV.   CONCLUSION

     In light of the applicable legal standards and the evidence
of record, the court finds that these issues under FELA and the
FSAA must be submitted to the jury. Accordingly, the motions for
summary judgment [Doc. Nos. 29 and 30] are DENIED. The
appropriate order follows.

---

[5]     Plaintiff's motion also raises the issue of
contributory negligence. Plaintiff contends that contributory
negligence may not be considered if there is a violation of the
FSAA. See 45 U.S.C. § 53 ("no such employee who may be injured
or killed shall be held to have been guilty of contributory
negligence in any case where the violation by such common carrier
of any statute enacted for the safety of employees contributed to
the injury or death of such employee.") Indeed, contributory
negligence is no defense where a plaintiff proves that his injury
resulted in whole or in part from the violation of safety
provision regarding couplers. Eckert, 828 F.2d at 187. As set
forth above, disputed material facts exist regarding whether
plaintiff's injury resulted in whole or in party from any FSAA
violation with respect to the coupling mechanisms. Thus,
evidence of plaintiff's contributory negligence as it pertains to
the FSAA claim, as well as the FELA claim, may be submitted to
the jury with appropriate instructions on the applicable law.
See Eckert, 828 F.2d at 187; see also Norfolk, 127 S.Ct. 799;
Toth,306 F.3d 335, 351 (6th Cir. 2002)(finding instruction to the
jury to consider plaintiff's negligence as a possible alternative
cause was proper).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID A. KENNEDY )
            Plaintiff, )
                                    )
            v.                      )    Civil Action No. 05-1764
                                    )
NORFOLK SOUTHERN RAILWAY            )
COMPANY,                            )
            Defendant.              )

O R D E R

Therefore, this $\underline{4^{th}}$ day of April, 2008, IT IS HEREBY
ORDERED that defendant Norfolk Southern's motion for summary
judgment [Doc. No. 30] is DENIED. IT IS FURTHER ORDERED that
plaintiff David Kennedy's motion for partial summary judgment
[Doc. No. 29] is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record