IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID A. KENNEDY )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, )<br>    Defendant. ) | Civil Action No. 05-1764 |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                April 8, 2008

This is a railroad worker's personal injury action. Plaintiff asserts claims against defendant, Norfolk Southern Railway Company ("Norfolk Southern") for a serious injury he sustained while working for defendant as a railroad conductor. The cause of the accident, resulting in the amputation of plaintiff's leg, is in dispute. [See Memorandum and Order Doc. No. 64 denying cross-motions for summary judgment]. Trial in this matter is scheduled to begin on April 14, 2008.

Several motions were raised at a pre-trial conference on April 4, 2008. The court resolved the motions for the following reasons.

I.  Plaintiff's Motion in Limine

Plaintiff filed a motion in limine [Doc. No. 51] seeking to exclude: 1) portions of defendant's expert testimony concluding

that plaintiff must have mistakenly uncoupled the 15th and 16th cars, which led to plaintiff's injury; and 2) portions of plaintiff's medical records that refer to plaintiff "slipping." Plaintiff's motion is DENIED with respect to the challenged portion of defendant's expert testimony and GRANTED with respect to the statements in plaintiff's medical records.

1. <u>Defendant's Expert Testimony</u>

Plaintiff only seeks to exclude testimony relating to the following portion of the report of defendant's expert, Gary Sipes: "[t]he only reasonable conclusion that can be reached is that [plaintiff] must have mistakenly pulled the cutting lever between cars #15 and #16, causing the cars to become uncoupled, which ultimately led to the run-in between cars #16 and #15 while [plaintiff] was on car #14." [<u>See</u> Doc. No. 58, Ex. A]. According to plaintiff, such testimony is not admissible under F.R.E. 702 because it invades an area in which the jury is not in need of expert testimony. Defendant contends that this portion of the testimony is admissible under F.R.E. 702. The court agrees.

The district court has broad discretion to determine whether expert testimony will help the trier of fact. <u>Berckeley Inv. Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 217 (3d Cir. 2006) (citation omitted). Here, the parties set forth competing theories of causation with respect to the accident. In support of these theories, the parties have retained experts who have

drawn competing inferences in their reports regarding the cause of the accident. Defendant contends plaintiff "must have" uncoupled the cars. Plaintiff contends that an "unintentional uncoupling" occurred. Plaintiff repeatedly testified at his deposition that he did not uncouple the cars in question. It is distinctly within the province of the jury to "weigh the contradictory evidence and inferences, judge[] the credibility of witnesses, receive[] expert instructions, and draw[] the ultimate conclusion as to the facts." See Gallick v. Baltimore & O. R. Co., 372 U.S. 108, 115 (1963)("The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable.") Accordingly, plaintiff's motion in limine to exclude the conclusion of defendant's expert is DENIED.

2. Statements in Plaintiff's Medical Records

The medical records at issue contain the following statements regarding plaintiff's history or condition:

1) "Train began moving and [patient] slipped under car" [Doc. No. 58, Exhibit B];

2) "This is a 44-year-old male who apparently was walking on a railway and basically slipped and had his left leg run over by a railcar" [Doc. No. 58, Exhibit C]; and

3

3) "The patient is a 44-year-old white male who was walking on a railway and slipped and had his left leg run over by a railcar" [Doc. No. 58, Exhibit D].

Plaintiff contends that these statements are hearsay and not inadmissible under the hearsay exception of F.R.E. 803(4) because defendant has failed to establish that plaintiff made the statements. Defendant, however, contends that these statements were made for purposes of medical diagnosis or treatment and fall within the exception of F.R.E. 803(4). In the event the court finds the statements inadmissible under F.R.E. 803(4), defendant contends the statements are admissible for purposes of impeachment under F.R.E. 613(b). At this stage, the court finds that defendant has failed to meet its burden to show the evidence is admissible under either F.R.E. 803(4) or F.R.E. 613(b).

F.R.E. 803(4) provides that statements made for purposes of medical diagnosis or treatment fall within an exception to the hearsay rule. Specifically, the exception provides:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

The test for admissibility under Rule 803(4) is whether the statements were made by the declarant for purposes of medical diagnosis or treatment. See F.R.E. 803(4) Advisory Committee's Note (discussing inherent reliability of statements made for

4

purpose of obtaining medical treatment); see also Field v. Trigg County Hosp., Inc., 386 F.3d 729, 735 (6th Cir. 2004)(interpreting hearsay exception to be limited to statements made by the one actually seeking medical treatment or care, or in some instances from someone with a special relationship to the person seeking treatment, such as a parent).

Here, it is entirely uncertain based on the medical records whether the plaintiff is the declarant, a threshold requirement for a statement to fall under the hearsay exception of Rule 803(4). It is not clear if the medical personnel were recording what plaintiff had reported to them or what the medical personnel discerned from observing plaintiff's serious injury. Indeed, a fellow railroad employee could have made the statements to the medical personnel. Defendant has failed to rebut this possibility or otherwise introduce any evidence attributing the statement to plaintiff. See Stull v. Fuqua Industries, Inc., 906 F.2d 1271, 1274 (8th Cir. 1990)(holding that "[i]n the absence of any evidence attributing the statement to [plaintiff], the district court acted well within its discretion in excluding the hospital record.") Accordingly, the court finds that defendant has failed to satisfy the threshold for admissibility under F.R.E. 803(4).

Defendant argues that even if the statements do not meet the hearsay exception of Rule 803(4), they are admissible under

F.R.E. 613(b) as prior inconsistent statements. At this stage, the court again finds that defendant has not established that plaintiff actually made the statements at issue. It is axiomatic that a plaintiff cannot be impeached by a purported inconsistent statement which he never made. Unless the defendant can adduce evidence that plaintiff made the statements, the statements must be excluded. At this time, the court will GRANT plaintiff's motion in limine with respect to the statements in the medical records.

II. <u>Plaintiff's Motion to Strike Defendant's First Supplemental Pretrial Statement</u>

Defendant filed a Supplemental Pretrial Statement on April 2, 2008 and provided, for the first time, the expert report of Judith Meals, R.N. The report relates to the anticipated cost of plaintiff's future medical appliances and care based on plaintiff's life expectancy. The final scheduling order [Doc. No. 26] required expert reports to be filed on November 1, 2007. The final scheduling order also states that "the parties shall not amend or supplement their pretrial statements without leave of court." Defendant failed to seek leave of court to "supplement" its pre-trial statement. Plaintiff contends that the report fails to offer the qualifications of defendant's expert. Accordingly, plaintiff argues this late expert

6

disclosure is procedurally defective and prejudicial. The court will GRANT plaintiff's motion [Doc. No. 60].

Although the exclusion of expert testimony is a harsh sanction, the court has discretion to exclude testimony upon consideration of the following factors: (1) the prejudice or surprise of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the significance or the practical importance of the evidence. DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193, 1202 (3d Cir. 1978).

Weighing these factors here, the court will grant plaintiff's motion to strike. Although the defendant contends that it did not act in bad faith, it offered no persuasive justification for the extreme lateness of the report or its failure to seek leave of court to file the untimely report. Defendant also contends the untimeliness can be cured. However, the court finds the report will prejudice plaintiff given the limited time remaining before trial and defendant's failure to identify the expert's qualifications. Although the issue of damages is important, defendant's proffered expert testimony is

not so critical to its case to outweigh the untimely and incomplete expert report. Accordingly, plaintiff's motion [Doc. No. 60] is GRANTED.

III. Defendant's Motion to Continue Trial

Defendant contends that it learned for the first time at a deposition on April 2, 2008 that plaintiff has been taking classes and/or intends to earn some type of degree. According to defendant, this information affects plaintiff's damages regarding future wage loss and could significantly impact its expert testimony from its vocational expert regarding plaintiff's earning capacity. Defendant contends that it needs to explore this new development prior to trial and depose plaintiff on this issue.

The court finds that this fact does not warrant a continuation of the trial. However, the court will permit defendant to submit an interrogatory on this issue to plaintiff. Plaintiff must expeditiously answer the interrogatory. Accordingly, defendant's motion [Doc. No. 62] is DENIED.

BY THE COURT

/s/ [signature], J.

cc: All Counsel of Record